UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKHAEL AMIRUL EL,

       Plaintiff,                                Civil Action No. 20-CV-12297

vs.                                    HON. BERNARD A. FRIEDMAN

JOSEPH DILLARD P37225 and
PARKSIDE INVESTMENT MGMT., LLC,

       Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

       This matter is presently before the Court on the Court's own review of the amended complaint.  Plaintiff alleges that defendant Joseph Dillard, a Michigan attorney,

> file[d] a termination of tenancy case no. 20 342 561 LT for PARKSIDE INVESTMENT Mgmt., LLC Friday, February 7, 2020 at 36th District Court.  I was not notified about the proceeding, where he fraudulently claimed, ownership of my property; 576 Lakewood Street, Detroit, Michigan 48215 in violation of (18 USC § 205 (a)(1)(2), 18 USC § 287).
>
> JOSEPH DILLARD plans to file an order of eviction for 576 Lakewood Street, Detroit, Michigan 48215 a property he nor PARKSIDE INVESTMENT Mgmt. LLC own in violation of (18 USC § 373(a)(b), 18 USC § 641, United States Constitution Article [V] and Treaty Peace and Friendship Article XXII).

Am. Compl. at 2.  Plaintiff also indicates that "I receive correspondence dated 08/03/2020 from Mr. DILLARD a order of eviction up date, from the 36th District Court landlord tenant division . . . ." *Id.* at 3.

       Plaintiff asserts that this Court has jurisdiction under the cited, and other, federal criminal statutes and based on diversity of citizenship.  *Id.* at 2.  Regarding the latter, plaintiff

asserts that he is an "Indigenous Moorish American National, Freehold by Inheritance with Birthrights and protected and secured Inalienable Right," that Dillard "is a citizen of the State of not known," and that Parkside Investment Mgmt., LLC "is incorporated under the laws of the State of not known." *Id.* For relief, plaintiff seeks damages and an injunction "to stop these proceedings." *Id.* at 3.

The Court shall dismiss the complaint on its own motion pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. Plaintiff has failed to allege the existence of a federal question. Even assuming defendants have violated one or more of the federal criminal statutes plaintiff cites, this would authorize the United States Attorney to bring criminal charges against them; it is not a basis for plaintiff, a private citizen, to sue defendants civilly. *See Brett v. Brett*, 503 F. App'x 130, 132 (3d Cir. 2012) (noting that "criminal statutes do not give rise to civil liability"); *Wasson v. Riverside Cty.*, 234 F. App'x 529 (9th Cir. 2007) (same). Nor does plaintiff's allegation that defendants violated his Fifth Amendment rights suffice to invoke this Court's jurisdiction, as plaintiff does not allege that defendants, a limited liability company and its attorney, are state actors.

Plaintiff has also failed to allege that the Court has diversity jurisdiction. "In a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003) (internal quotation marks and citation omitted). In the present case, plaintiff does not indicate the states of which he or defendants are citizens.

The Court concludes that it lacks subject matter jurisdiction. This is a landlord-tenant dispute, a state law matter that has been, or is being, litigated in Michigan's 36th District

Court.  If plaintiff believes that defendants are evicting him wrongfully, his remedy is to seek

relief in that court or, failing that, to pursue his appellate rights in the state courts.  Accordingly,

IT IS ORDERED that this matter is dismissed for lack of subject matter

jurisdiction.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: August 31, 2020                    Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any
unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on August 31, 2020.

Mikhael Amirul El                         s/Johnetta M. Curry-Williams
576 Lakewood St                           Case Manager
Detroit, MI 48215

3